The Law Office of George H. Bye
George H. Bye, Esq.
1901 First Avenue, First Floor
San Diego, CA 92101
Phone: (619) 233 7502
Fax: (619) 441 7783

Attorney for Plaintiffs,
James M. Washington and Giselle W. Washington

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Los Angeles Division

| | |
|---|---|
| JAMES M. WASHINGTON and GISELLE W. WASHINGTON,<br><br>Debtors. | CASE NUMBER: 10-bk-43079-EC7<br><br>ADVERSARY NO: ______________________<br><br>EMERGENCY FILING |
| JAMES M. WASHINGTON and GISELLE W. WASHINGTON,<br><br>Plaintiffs,<br><br>vs.<br><br>SODA PARTNERS, LLC; QUALITY HOME LOAN SERVICING; HSBC BANK USA; SELECT PORTFOLIO SERVICING, INC.; KEVIN KINSEY, an individual; and DOES 1-10 inclusive,<br><br>Defendants. | PLAINTIFFS' EX-PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER; TO SET A HEARING FOR A PRELIMINARY INJUNCTION AND FOR A PERMANENT INJUNCTION<br><br>DATE OF HEARING: ______________________<br>TIME OF HEARING: ______________________<br>LOCATION: ______________________<br>______________________<br>COURTROOM: ______________________<br>ROOM NUMBER: ______________________<br>ASSIGNED JUDGE______________________<br>LENGTH OF HEARING: ______________________ |

Plaintiffs, James M. Washington and Giselle W. Washington, submit the following Points and Authorities in support of their Ex-parte Application for a Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction, and for a Permanent Injunction.

/ / /

/ / /

# I.

## A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION SHOULD BE ISSUED BECAUSE THE VERIFIED ADVERSARY COMPLAINT AND THE DECLARATION OF PLAINTIFFS' COUNSEL SHOWS THAT THE SALE OF THE DEBTOR'S PROPERTY UNDER CIRCUMSTANCES SHOWING TORTUOUS WRONG DOING ON THE PART OF THE DEFENDANTS WILL CONTINUE TO RESULT IN IRREPARABLE HARM TO THE PLAINTIFFS.

This case is an example of the need for the issuance of a Temporary Restraining Order and to set a hearing for a Preliminary and Permanent Injunction. The Plaintiffs will suffer the irreparable harm of losing possession of their home. That constitutes irreparable injury as a matter of law. *Demarest v. Quick Loan Funding, Inc.*, 2009 WL 940377 at 9 (C.D. Cal. 2009); *Johnson v. U. S. Department of Agriculture*, 734 F.2d 774, 789 (11th Cir. 1984) ("irreparable injury is suffered when one is wrongfully ejected from his home. Real property and especially a home is unique").

Moving from one's home is a hardship for anyone, It is devastating. In comparison, the Defendants will suffer virtually no hardship if an injunction is granted. They have violated the Title 11, Chapter 3, Subchapter IV, §362(a) (1) Automatic Stay in place in their Chapter 7 case. In the Adversary Case, the Plaintiffs can establish prima facie violations of the law and at the very least, have a fair chance of prevailing on the merits.

This case presents a clear cut situation in which the Court should grant the Plaintiffs Motion for a Temporary Restraining Order and a Preliminary Injunction This Court should exercise its authority under Rule 65 and enter the requested injunctive relief.

Under California law, an injunction may be granted when it appears by the complaint or declaration that the commission or continuance of some act during the litigation would produce great and irreparable injury to a party in the action. Code of Civil Procedure, section 526, subd. (2), *Smith v. Smith* (1942), 48 Cal App 2d, 716. The definition of irreparable injury warrants the use of injunctive relief against a wrong which a trial judge deems insufferable because it constitutes an overbearing assumption by one person and a superiority and domination over the right and property of others. *Fretz v. Burke* (1967) 247 Cal App 2d, 741.

One of the purposes of a Temporary Restraining Order is to maintain the status quo pending a hearing on an application for a Preliminary Injunction. The statutory requirements are intended to

protect the Plaintiffs from a wrongful or unfair loss of their property. Therefore, the process must be followed precisely, and a Trustee's sale based on TORTUOUS conduct on the part of the named defendants should be enjoined.

Plaintiffs herein contend that, but for the conduct of the defendants as set forth in the Adversary Complaint, the defendants would not be in an overbearing position of superiority over them and their rights to title and possession in the property. The Court therefore, should restrain and enjoin the defendants and each of them from taking possession of the described real property to prevent a catastrophic loss to the plaintiff until the rights and liabilities of the parties hereto is determined as prayed for in the Adversary Complaint on file herein, and in any future litigation involving the subject property..

## II.

### A COURT MAY GRANT A PRELIMINARY INJUNCTION WHERE GROUNDS FOR SUCH RELIEF ARE SHOWN BY A VERIFIED ADVERSARY COMPLAINT OR BY AFFIDAVIT.

California Code of Civil Procedure, 527. *Coppinger v. Superior Court of Orange County,* (1981) 134, Cal App 3d 883.

"An injunction may be granted at any time before judgment upon a verified complaint or upon affidavits if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist therefore . . . "

As in the case for the Temporary Restraining Order, supra, plaintiffs' verified Adversary Complaint filed herein is referred to and incorporated by this reference as though fully set forth herein.

## III.

### COMMISSION OR CONTINUANCE OF AN ACT WHICH WILL CAUSE GREAT OR IRREPARABLE INJURY TO A PARTY TO AN ACTION IS A GROUND FOR A PRELIMINARY INJUNCTION.

Code of Civil Procedure, 526(2), *Wind v. Herbert,* (1960) 186 Cal App 2d 276.

"An injunction may be granted in the following cases: . . .

When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party in the action; ......".

/ / /

## IV.

## THE APPLICABLE LEGAL STANDARDS FOR ISSUANCE OF A PRELIMINARY INJUNCTION WEIGH IN FAVOR OF GRANTING PLAINTIFFS' MOTION

The standard for granting a preliminary injunction requires the balancing of Plaintiffs' likelihood of success on the merits against the relative hardship of the parties. *Benda v. Grand Lodge Int'l Association of Machinists*, 584 F. 2d 308, 315 (9th Cir. 1978). This balance is a continuum, wherein the required showing of irreparable harm varies inversely with the probability of success. *LGS Architects, Inc., v. Concordia Homes*, 434 F. 3rd 1150, 1155 (9th Cir. 2006); *Save Our Sonoran. Inc,. V. Flowers*, 408 F. 3rd 1113, 1120 (9th Cir. 2005). Here, the balance of hardships strongly favors the Plaintiffs. They will lose their home if an injunction does not issue. By contrast, the Defendants will suffer no serious hardship. (*Demarest v. Quick Loan Funding, Inc.*, 2009 WL 940377 at 9 (C.D. Cal. 2009)). The tortuous conduct on the part of the Defendants also shifts the balance of equities in favor of the Plaintiffs. The real property in question is property of the Chapter 7 estate, under the dominion and control of the Chapter 7 Trustee, Alfred H. Siegel and there has been no motion made by the defendants to obtain relief from the stay.

## V.

## INJUNCTIVE RELIEF IS PROPER WHERE IT IS THE ONLY SPEEDY, ADEQUATE AND UNEMBARRASSED RELIEF THE PLAINTIFF HAS.

*Ford v. Rigby* 10 Cal 449

The Plaintiffs hereby request that the Court grant the Temporary Restraining Order and a Preliminary Injunction, enjoining the defendants, and each of them, from forcing the taking of the property through the eviction process , from selling the subject property and taking possession of the property described in their complaint, which is the subject of the underlying litigation in this matter, until such time as the Court can determine the rights and liabilities of the parties herein.

The Plaintiffs will prevail on their claims for relief in the Adversary Complaint; at least, they raise serious questions going to the merits. Legally, the plaintiffs must show a reasonable likelihood of success on the merits of their case, as distinct from having to show an overwhelming likelihood of success on the merits. *Gilder v. PGA Tour, Inc.*, 936 F. 2d 417, 422 (9th Cir. 1991). Indeed, because

of the overwhelming hardship to the Plaintiffs, the correct balancing test requires they only establish a serious question going to the merits and a "fair chance" that they will prevail. Miller v. California Pacific Medical Center. 19 F. 3d 449, 456 (9th Cir. 1994). See Sun Microsystems Inc., v. Microsoft Corp., 188 F. 3d 1115, 1119 (9th Cir. 1999) ("the greater relative hardship to the moving party, the less probability of success must be shown").

## VI.

### THE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION SHOULD BE GRANTED BECAUSE PLAINTIFFS' LEGAL REMEDY IS INADEQUATE.

Goldberg Bowen, Co. v. Stablemen's Union, 149 Cal 429, 86 P. 806.

An injunction may be granted when pecuniary compensation would not afford adequate relief (C.C.P. 526, first Subd. (4)), or where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief. C.C.P. 526, first subd. (5); Union Oil Co. v. Domengeaux (1939) 30 Cal App 2d 266, 270-271. The insolvency of a defendant may justify a court in granting a preliminary injunction since, in such a situation, plaintiff obviously would not be able to recover any damages; *Union Oil Co.v. Domengeaux* (1939) supra, at 272.

For the reasons set forth in the verified Adversary Complaint and declaration of Plaintiffs' counsel on file herein, it is clear that the amount of pecuniary compensation is extremely difficult to ascertain if the property is relinquished to the possession of defendant Soda Partners LLC.

WHEREFORE, plaintiffs requests that their application for a Temporary Restraining Order and Preliminary Injunction be granted in accordance with the equitable power of this court.

Dated: January 24, 2011

George H. Bye, Attorney for Plaintiffs.
James M. Washington and Giselle W. Washington